# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY QUINN,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. L. MERRITT, et al.,<br><br>    Defendants. | 1:18-cv-00547-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10) |

Plaintiff Gregory Quinn ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 20, 2017, in Kings County Superior Court. The action was removed to this Court on April 19, 2018. (ECF No. 1.) On June 28, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 7.) Plaintiff's first amended complaint, filed on July 27, 2018, is currently before the Court for screening. (ECF No. 10.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is a state prisoner currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Nurse Practitioner L. Merritt; and (2) Chief Executive Officer C. Cryer.

In Claim 1, Plaintiff alleges that on June 3, 2017, he was seen by Nurse Practitioner Merritt regarding his finger. Plaintiff explained to Defendant Merritt that he was in serious pain and his finger was deformed due to a surgery that allegedly was botched on September 20, 2013. Plaintiff also explained to Defendant Merritt that the pain made it difficult for him to do basic things, such as eat, sleep or use the restroom. Plaintiff reported that he had been seen by three previous doctors at the facility, all of whom stated that Plaintiff needed another surgery. Plaintiff asked Defendant

1    Merritt if she could refer him to an orthopedic surgeon. Defendant Merritt denied the request and ordered physical therapy, pain medications and x-rays. Plaintiff asserts that Defendant Merritt's orders were improper and unnecessarily delayed required treatment by a licensed physician.

Plaintiff further asserts that Defendant Merritt provided inadequate medical care as opposed to referring Plaintiff to a specialist medical doctor. Plaintiff alleges that Defendant Merritt exceeded the scope of authority as a Nurse Practitioner and rendered deficient medical care. Plaintiff contends that the deliberate indifference was confirmed by Dr. Swafford on June 21, 2018. Dr. Swafford opined that Plaintiff required surgery for which Plaintiff has since been scheduled. Additionally, Plaintiff alleges that his range of motion was misrepresented by the physical therapist because Plaintiff has not had any movement in his finger since surgery in 2013.

In Claim 2, Plaintiff alleges that on March 27, 2017, he filed a medical 602 appeal regarding his deformed finger. Plaintiff stated in his appeal that he was in serious pain, which was making it difficult for him to do basic things like eat, sleep or go to the restroom. Plaintiff requested to see an orthopedic surgeon.

On March 27, 2017, Plaintiff's appeal was forwarded to Defendant Cryer, a physician and Chief Medical Officer at the institution. Defendant Cryer reviewed the appeal and failed to overrule Defendant Merritt's decision to let Plaintiff see an orthopedic surgeon. Plaintiff contends that he is suing Defendant Cryer under a theory of respondeat superior. Plaintiff claims that Defendant Cryer became responsible when reviewing Plaintiff's appeal and was on notice of Plaintiff's medical need.

Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

**III.     Discussion**

**A.  Supervisory Liability**

To the extent Plaintiff seeks to hold Defendant Cryer liable based on his/her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020−21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205−06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

### B. Eighth Amendment – Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"Deliberate indifference is a high legal standard," Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

4

429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendants Merritt and Cryer. According to Plaintiff's own allegations, Defendant Merritt evaluated Plaintiff, considered his complaints and ordered physical therapy and pain medications. Any assertion that Defendant Merritt negligently treated his condition does not state a claim under the Eighth Amendment. Moreover, Plaintiff's allegations suggest a difference of opinion between Plaintiff and Defendant Merritt (and reportedly between Defendant Merritt and other unidentified physicians) regarding the appropriate course of treatment for Plaintiff at that time. Such a difference of opinion does not amount to deliberate indifference.

The Court also notes that Plaintiff has omitted numerous exhibits that were attached to his original complaint. As stated in the Court's prior screening order, those exhibits demonstrated that Plaintiff was seen by his primary care provider on March 4, 2017. The provider informed Plaintiff that surgical intervention was not indicated. An x-ray of Plaintiff's right hand was reviewed and showed a well-healed fracture with deformity, no acute osseous (bone) abnormality, and an

examination revealed no edema (swelling) or erythema (redness or inflammation of the skin) to the right hand and that Plaintiff maintained full range of motion in the remaining fingers. Plaintiff's primary care provider noted that Plaintiff would be prescribed medication and medication cream for pain management. (ECF No. 1 at p. 16.) Additional exhibits indicated that Plaintiff was evaluated by his primary care provider on June 3, 2017, for complaints of pain and decreased range of motion in his third right finger. The provider submitted a referral of Plaintiff for physical therapy and noted pain medication to include oxcarbazepine, capsaicin cream, and naproxen. Plaintiff completed a course of physical therapy on June 21, 2017, with notes indicating an increased range of motion and recommendation to continue a home exercise program. (Id. at p. 20.) From these exhibits, it appears that Plaintiff did not require surgical intervention and that he received treatment for his finger, including x-rays, pain medication and physical therapy. Plaintiff may not simply omit allegations in an effort to state a cognizable claim for relief.

Based on the above, the Court finds that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against Defendant Merritt. Likewise, because Plaintiff has not stated an Eighth Amendment claim against Defendant Merritt, he also does not state a cognizable claim against Defendant Cryer for review of Plaintiff's appeal regarding Defendant Merritt's medical treatment. Moreover, the existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**IV.     Conclusion and Recommendation**

Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 9, 2018**              /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE